CARR, J., DISSENTING.
 

 {¶ 11} I respectfully dissent from the judgment of the majority as I would conclude
 that the State failed to set forth evidence establishing a nexus between McClain's impaired condition and a drug of abuse.
 
 See
 

 State v. Collins,
 
 9th Dist. Wayne No. 11CA0027,
 
 2012-Ohio-2236
 
 ,
 
 2012 WL 1820866
 
 , ¶ 20. Accordingly, I would conclude there was insufficient evidence to support McClain's conviction.
 

 {¶ 12} Only three substances were discussed at trial, alcohol, marijuana, and Adderall. There is no evidence in the record that McClain ingested alcohol. He denied alcohol consumption, did not smell of alcohol, and his urine did not test positive for alcohol. Thus, in order to demonstrate that McClain violated R.C. 4511.19(A)(1)(a), the State was required to demonstrate that he was operating a vehicle while under the influence of a drug of abuse.
 
 See
 
 R.C. 4511.19(A)(1)(a). There has been no dispute on appeal that both marijuana and Adderall are drugs of abuse.
 

 {¶ 13} Trooper Ross found marijuana in the vehicle, as well as a pipe containing residue. And while McClain admitted to Trooper Ross that he had smoked marijuana, he indicated that he did so, "a few weeks ago[.]" Trooper Ross denied that McClain smelled of marijuana or had bloodshot eyes, which Trooper Ross agreed would also correspond to marijuana use. Further, although Trooper Ross testified that McClain demonstrated all of the clues on the horizontal and vertical gaze nystagmus tests, Trooper Ross agreed that someone impaired by marijuana would not demonstrate those clues. Moreover, even though McClain's urine was also tested for drugs, the lab deemed that the sample was insufficient for testing.
 

 {¶ 14} McClain did also admit to taking Adderall. However, there was no testimony about what the signs of Adderall impairment would be. In fact, Trooper Ross seemed to not know much about Adderall at all. Trooper Ross was asked whether the drug panel included amphetamines and he replied that he believed so. However, when he was asked if Adderall was an amphetamine, Trooper Ross responded that he was "not familiar with Adderall."
 

 {¶ 15} Thus, even though there were certainly signs that McClain was impaired. I cannot say that there was sufficient evidence that the impairment was caused by alcohol, marijuana, or Adderall-the only substances that there was a suggestion might be involved. While the indicators of marijuana impairment might be considered commonly known, I cannot conclude there was sufficient evidence that McClain was impaired from marijuana.
 
 See
 

 State v. Richardson
 
 ,
 
 150 Ohio St.3d 554
 
 ,
 
 2016-Ohio-8448
 
 ,
 
 84 N.E.3d 993
 
 , ¶ 19. With respect to Adderall, there was no lay or expert testimony explaining the common impairments linked to Adderall use.
 
 See
 
 id.
 

 Thus, under the particular circumstances of this case, I can only conclude that the State failed to meet its burden. Therefore, I respectfully dissent from the judgment of the majority.